UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESUS ARREOLA-CASTILLO, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 1:14-cv-02118-LJM-DML |

**Entry Discussing Selected Matters**

**I.**

"After a three-day trial, a jury convicted Jesus Arreola-Castillo of participating in a conspiracy to distribute more than 1,000 kilograms of marijuana. *See* 21 U.S.C. §§ 841(a)(1), 846. Because he had already been convicted of three previous felony drug offenses, Arreola-Castillo received a mandatory minimum sentence of life imprisonment pursuant to the recidivism provisions of § 841(b)(1)(A)." *United States v. Arreola-Castillo*, 539 F.3d 700, 701 (7th Cir. 2008).

The United States argues that the present action for relief pursuant to 28 U.S.C. § 2255 is an unauthorized second or successive such motion relative to the underlying criminal matter in No. 1:05-cr-00064-LJM-DKL-7 and thus must be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). It is true that the

1

petitioner previously filed a motion of this nature, that the prior action was docketed as No. 1:09-cv-01476-SEB-DML and that the prior action was dismissed with prejudice. It is also true, however, that the phrase "second or successive" does not simply "refe[r] to all § 2254 applications filed second or successively in time." *Panetti v. Quarterman,* 551 U.S. 930, 944 (2007). Thus, the proper § 2244 analysis may require a more nuanced analysis than that which is offered by the United States.

In this instance, the petitioner challenges his enhanced sentence and specifically argues that his prior New Mexico conviction in No. D-412-CR-11995-0049 was vacated on June 29, 2015, that other felony New Mexico drug convictions had been vacated on November 19, 2014, and that these facts make his sentence enhanced to mandatory life pursuant to 21 U.S.C. § 851 invalid.

The United States does not challenge the factual predicates of this argument. Persuasive authority holds that a § 2255 motion based on a claim that is not a second or successive § 2255 motion and hence does not trigger the prior authorization requirement of § 2244. *See United States v. Hairston,* 754 F.3d 258, 262 (4th Cir. 2014) (stating that Hairston's numerically second § 2255 motion was not a "second or successive" motion for purposes of 28 U.S.C. § 2255(h) when a state court vacated a conviction after the district court denied his first § 2255 motion, because "Hairston's claim was unripe at the time his numerically first motion was adjudicated")(citing *In re Weathersby,* 717 F.3d 1108, 1111 (10th Cir. 2013); and *Stewart v. United States,* 646 F.3d 856, 863–65 (11th Cir. 2011)). The Seventh Circuit has joined the wave. *See United States v. Obeid,* 707 F.3d 898, 903 (7th Cir. 2013) ("Seeing no reason to part ways with our sister circuits, however, we join them in concluding that a petition or motion based on a claim that did

not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h)."). "[W]hat makes a claim unripe" in this setting "is that the factual predicate has not matured, not that the law was unsettled" or has changed. *U.S. v. Claycomb,* 577 Fed.Appx. 804, 805 (10th Cir. 2014).

The Court in this instance follows the foregoing authority. The United States' argument that the action must be dismissed in its entirety for lack of jurisdiction is **rejected.**

## II.

The United States shall have **through March 24, 2016** in which to **further address** the petitioner's challenge to the § 851 sentence enhancement discussed in Part I of this Entry. In essence, this is the challenge presented in the petitioner's amended motion filed on July 13, 2015.

## III.

The petitioner's grounds for relief include a further discussion of the evidence at trial and his representation by counsel. These grounds are quite plainly barred by the "second or successive" barrier of 28 U.S.C. § 2244(b)(3) in the absence of authorization from the Court of Appeals--and there is no indication that such authorization has been granted--the action docketed as No. 1:14-cv-2118-LJM-DML is dismissed for lack of jurisdiction. Consistent with the rulings in Parts I and II of this Entry, the dismissed claims are all of the § 2255 claims asserted in filings *other than* the amended motion filed on July 13, 2015.

The above ruling does not fully resolve the motion for relief pursuant to 28 U.S.C. § 2255 and partial final judgment shall not issue at this time as to the claims dismissed in this Entry.

IT IS SO ORDERED.

Date: February 23, 2016

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Jesus Arreola Castillo
31810-051
Victorville USP
Inmate Mail/Parcels
P.O. Box 3900
Adelanto, CA 92301