UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESUS ARREOLA-CASTILLO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:14-cv-2118-LJM-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Selected Matters**

**I.**

Applying the prison mailbox rule, the petitioner's motion to alter or amend judgment/ motion for relief from judgment filed with the clerk on February 14, 2017, can be considered to have been filed on the date it was signed, February 8, 2017. This was within 28 calendar days after the docketing of judgment denying the petitioner's motion for relief pursuant to 28 U.S.C. § 2255.

Given the timing and the content of the post-judgment motion filed with the clerk on February 14, 2017, relative to the Entry of Judgment entered on the clerk's docket, that filing is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

## II.

A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend a judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

In this instance, the petitioner challenged his enhanced sentence and specifically argued that his prior New Mexico conviction in No. D-412-CR-11995-0049 was vacated on June 29, 2015, that other felony New Mexico drug convictions had been vacated on November 19, 2014, and that these facts made his sentence enhanced to mandatory life pursuant to 21 U.S.C. § 851 invalid.

21 U.S C § 851 regulates the use of prior convictions to enhance sentences pursuant to § 841(b)(1). One manner in which that use is regulated is the establishment of a time limit for challenging prior convictions. Specifically, "[n]o person who stands convicted of an offense under

this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). This limitation has been upheld against constitutional challenge. *See, e.g., United States v. Cheek,* 740 F.3d 440, 452 (7th Cir.), *cert. denied*, 134 S. Ct. 2152 (2014). And this limits Arreola-Castillo's ability to challenge the use of his prior convictions, the New Mexico convictions. The Court previously explained how the § 851(e) limitation applied in this case:

> Here, the § 851 Information was filed on May 22, 2006 in No. 1:05-cr-64-SEB-DKL-7 and a second § 851 Information was filed on June 14, 2006. The prior convictions identified in these Informations were entered in 1995. As the United States argues, this was several years before the close of the five-year window set out on § 851(e). These convictions, insofar as used to support the § 851 enhancements sought by the United States and ultimately imposed, are beyond challenge here. Arreola-Castillo's argument otherwise would simply read the limitation out of the statute.

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). This is not such a case.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. Int'l Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto,* 224 F.3d at 606.

There was no manifest error of law or fact in this case. The Court did not misapprehend the petitioner's claim, nor did it misapply the law to that claim in finding that the § 851(a) enhancement was impervious to the challenge made. Accordingly, the motion to alter or amend judgment [dkt 43] is **denied**.

### III.

Normally, "a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal." *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). In a scenario such as this, however, where a party prematurely files a notice of appeal before the Court has acted on a timely Rule 59 motion, the notice of appeal does not divest the Court of jurisdiction to rule on the motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). The notice of appeal is, in effect, suspended until the Court disposes of the Rule 59 motion.

Consistent with the foregoing, the notice of appeal filed on February 14, 2017, [dkt 41], shall now be ***processed as a notice of appeal*** from the final judgment issued on January 11, 2017.

### IV.

"A motion brought under Rule 59 suspends the finality of a judgment until the motion is decided; the clock stands at 30 days until then." *Marine Bank, Nat. Ass'n v. Meat Counter, Inc.,* 826 F.2d 1577, 1579 (7th Cir. 1987) (citing Fed. R. App. P. 4(a)(4)). This describes the nature and effect of the motion to alter or amend judgment discussed in Parts I and II of this Entry. As explained in Part III of this Entry, the petitioner has filed a notice of appeal and it will now be processed. Accordingly, the motions for extension of time in which to file a notice of appeal [dkt 41 and dkt 44] are **denied as moot.**

### V.

A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). There is no objectively reasonable argument the petitioner could present that the disposition of this action was erroneous. In pursuing an appeal, therefore, the petitioner "is acting in bad faith . . .

[because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, petitioner's appeal is not taken in good faith, and his request for leave to proceed on appeal *in forma pauperis* [dkt 42] is **denied.**

IT IS SO ORDERED.

Date: 2/27/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JESUS ARREOLA CASTILLO
31810-051
HERLONG - FCI
HERLONG FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 800
HERLONG, CA 96113

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov